UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       v.                    )<br>                          )<br>LARRY D. HYLTON,     )<br>     Defendant.       )<br>_____) | Criminal Case No. 09-287-003 (RCL)(AK)<br><br>*Approved* |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge by the Honorable Royce C. Lamberth for a Hearing on Violation of Defendant's supervised release and a Report and Recommendation.

## Background

On April 15, 2010, the Defendant was sentenced to 60 months imprisonment for Count 7 (Conspiracy to Commit an Offense against the United States, 18 U.S.C. §371) and Count 15 (Unlawful Distribution of 5 Grams or More of Cocaine Base and Aiding and Abetting, 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii), 18 U.S.C. §2) to run concurrently, and 36 months supervised release as to Count 7 and 48 months supervised release as to Count 15, to run concurrently. In addition to a special assessment of $200.00, the trial judge imposed the following Special conditions:

- Substance abuse treatment and testing
- Vocational training

Defendant's supervised release began on April 4, 2014 and is scheduled to terminate on April 3, 2018.

By Memorandum dated February 18, 2015, the Probation Officer noted that Mr. Hylton incurred 3 violations. The first violation was Defendant's failure to submit monthly supervision reports for October 2014, November 2014, December 2014, and January 2015. Defendant's second

1

violation involved his failure to follow the instructions of the Probation Officer. On October 6, 2014, the Probation Officer met with Mr. Hylton and directed him to report to the Probation Office on October 16, 2014, to discuss urinalysis testing. Mr. Hylton failed to report as instructed. He also failed to contact the Probation Officer. Defendant's third violation also involved his failure to follow instructions of the Probation Officer. On January 13, 2015, the Probation Office sent an Appointment Notice to Mr. Hylton at an address in Washington, DC, to report to the Probation Office on January 21, 2015, at 3:00 p.m. Mr. Hylton again failed to report as directed and did not report to the Probation Officer, however the Probation Officer on the same day attempted to contact Mr. Hylton at his residence. Defendant's aunt advised that Mr. Hylton received the appointed notice and that he was planning on reporting as directed.

### Hearing on Violations

A hearing on the alleged violations of the conditions of Mr. Hylton's supervised release was held before the undersigned on April 23, 2015. At the hearing Mr. Hylton was represented by Counsel. The Probation Officer placed on the record that notwithstanding the three violations, she recommended that Mr. Hylton remain on supervised release for a period of 90 days with additional conditions to permit him to come into compliance. The Probation Officer requests that Mr. Hylton report monthly in person to the Probation Officer; attend weekly meetings at Narcotics Anonymous and, in connection with those monthly meetings with the Probation Officer, present written verification that Defendant attended those weekly meetings; and submit to regular drug testing by the Probation Office.

The Probation Officer believes that Mr. Hylton is intelligent and that he wants to come into and maintain compliance with the conditions of supervision. The Probation Officer noted that while in prison, Mr. Hylton obtained 60 hours of credit for Construction Technology with a Bureau

Prisons ("BOP") contract school, ABC of the Carolinas, Inc. In addition, while in prison Defendant completed BOP's 500 hours of drug treatment. Mr. Hylton has not been arrested since he began his supervised release. When Mr. Hylton reported, the Probation Officer asked him if he had used any illegal drugs since his supervision, and he candidly told her that he had used marijuana on one occasion. The Probation Officer therefore recommends that the standard, special and additional conditions will keep Mr. Hylton in contact with the Probation Office.

The Government and the Defendant through his Counsel both concur with the recommendation of the Probation Officer.

### Recommendation

Based on the information noted by the Probation Officer, the undersigned also concurs with the Probation Officer's recommendations, as agreed to by the Government and the Defendant. The undersigned further directed the Probation Officer that if Mr. Hylton violates any of the conditions of his supervision, she should promptly notify the trial court and/or the undersigned. A status hearing before the undersigned is scheduled for August 5, 2015, at 1:45pm.

Dated: April 24, 2015

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

SEEN AND APPROVED:

_____
HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT COURT JUDGE

Dated: July 28, 2015

3